UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SYTASON LUANGPAKDY, | |
| Plaintiff, | REPORT and RECOMMENDATION |
| v. | |
| ALTRA INDUSTRIAL MOTION CORP., ED NOVOTNY, CARL R. CHRISTENSON, TIM RAYMOND, DIANE McMULLEN, DENIS HADDEN, CLIFF GILBERT, and TOM GAMPP, | 18-CV-843JLS(F) |
| Defendants. | |

_____

APPEARANCES:          SYTASON LUANGPAKDY, Pro se
                     97 Guernsey Place
                     Buffalo, New York  14207

                     LITTLER MENDELSON, P.C.
                     Attorneys for Defendants Altra Industrial and
                      Christenson
                     HINNA M. UPAL, and
                     NICOLE D. LADNER, of Counsel
                     375 Woodcliff Drive
                     2nd Floor
                     Fairport, New York  14450

## JURISDICTION

This case was referred to the undersigned by Honorable Lawrence J. Vilardo[1] on December 11, 2019, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to dismiss (Dkt. 12), filed November 6, 2019.

---

[1] On January 5, 2020, the matter was reassigned to District Judge John L. Sinatra, Jr.  (Dkt. 19).

## **BACKGROUND and FACTS**[2]

Plaintiff Sytason Luangpakdy ("Plaintiff"), proceeding *pro se*, commenced this action on August 1, 2018, alleging employment discrimination based on race and disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq*. ("ADA"), and New York State Human Rights Law, N.Y. Exec. Law §§ 290-207 ("NYSHRL").  Complaint at 1-2, 4.  Plaintiff names as Defendants his alleged former employer Altra Industrial Motion Corp. ("Alta"), and Altra employees Carl R. Christenson ("Christenson"), Ed Novotny, Tim Raymond, Diane McMullen, Denis Hadden, Cliff Gilbert, and Tom Gampp, but only effected service of process on Altra and Christenson ("Defendants").  Plaintiff's claims pertain to his employment as an assembler at Altra commencing January 16, 2012, until Plaintiff's employment was terminated.[3]

On February 18, 2015, Plaintiff filed a Charge of Discrimination ("Administrative Charge") with the New York State Division of Human Rights ("NYSDHR"), and the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race (Asian) (Dkt. 25-2 at 5).  On October 22, 2015, the EEOC issued a Dismissal and Notice of Rights advising that based on the information obtained, the EEOC is unable to conclude any violations of statutes enforced by the EEOC, and provided Plaintiff with a Notice of Suit Rights ("Right to Sue letter").  (Dkt. 26-3 at 2-3).

On November 6, 2019, Defendants moved to dismiss the Complaint for failure to state a claim (Dkt. 12) ("Defendants' Motion"), supported by the Memorandum of Law in

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.
[3] The date Plaintiff's employment was terminated is not in the record.

Support of Defendants Altra Industrial Motion Corp. and Carl R. Christendon's Motion to Dismiss (Dkt. 12-1) ("Defendants' Memorandum"), and the Affirmation of Nicole Ladner in Support of Motion to Dismiss (Dkt. 12-2) ("Ladner Affirmation"), attaching exhibits A through E (Dkts. 12-3 through 12-7) ("Defendants' Exh(s). __").  On March 10, 2020, Plaintiff filed a response in opposition to Defendants' Motion (Dkt. 25) ("Plaintiff's Response").  On March 24, 2020, Defendants filed the Reply Brief in Support of Defendant Altra Industrial Motion Corp. and Carl R. Christenson's Motion to Dismiss (Dkt. 26) ("Defendants' Reply"), and the Affirmation of Nicole Ladner in Further Support of Defendants' Motion to Dismiss (Dkt. 26-1) ("Ladner Reply Affirmation"), attaching exhibits A and B (Dkts. 26-2 through 26-3) ("Defendants' Reply Exh(s). __").  Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion should be GRANTED.

## DISCUSSION

**1.  Motion to Dismiss**

Defendants argue in support of dismissal that Plaintiff fails to allege any facts supporting violations of Title VII, NYSHRL, or the ADA by Altra,[4] Defendants' Memorandum at 3-5, there is no right to recovery against Christenson, an individual, under Title II or the ADA, *id*. at 6, and that Plaintiff fails to allege any facts establishing a violation of the NYSHRL by Christenson.  *Id*. at 7-8.  Defendants further note Defendants are unable to evaluate whether Plaintiff exhausted administrative remedies,

---

[4] Defendants note that although Plaintiff names Altra as his employer, Plaintiff was never employed by Altra, but by Nuttall Gear, LLC.  Defendants' Memorandum at 1 n. 2.

as required before commencing this action, because Plaintiff failed to attach to the Complaint a copy of the Right to Sue letter issued by the EEOC.  *Id*. at 3 n. 2.

Plaintiff's Response consists of three typewritten pages providing a narrative describing the alleged discriminatory actions to which he maintains he was subjected while employed by Altra, essentially, that since commencing employment in January 2012, Plaintiff was forced to "over work" and was denied promotions and pay raises, with recent high school graduates often hired for machinist positions for which Plaintiff applied but was denied despite having attended college for two years and having experience as a machinist since 2006 until being hired by Altra in 2012.  Plaintiff's Response at 2-4.  Plaintiff also alleges that on December 11, 2014, he sustained an injury to his lower back while working on the assembly line, and exacerbated the injury on April 24, 2015, but that instead of temporarily assigning Plaintiff to a light duty position, Defendants required Plaintiff take a medical leave until Plaintiff sufficiently recuperated to return to his assembler position.  *Id*.  In further support of dismissal, Defendants argue Plaintiff's claims are time-barred because the Title VII claim was not filed within 90 days of receiving the Right to Sue letter, Defendants' Reply at 2-3, the NYSHRL claim was not filed within three years of the last event upon which the claim is based, Defendants' Reply at 3-4, and the Administrative Charge did not contain an alleged ADA violation such that the ADA claim is not exhausted.  *Id*. at 4-5.  Defendants further maintain Plaintiff's Response improperly attempts to set forth factual allegations missing from the Complaint, yet even if considered, such new material fails to state a claim pursuant to NYSHRL.  *Id*. at 5-7.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard. . . .'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Despite *Twombly*, courts remain obligated to liberally construe a *pro se* complaint.  *Harris*, 572 F.3d at 72 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

At the outset, the court observes that despite the fact that Plaintiff is *pro se*, Defendants did not admonish Plaintiff that Defendants' Motion seeking dismissal of the Complaint for failing to state a claim could result in the termination of Plaintiff's action.  Although prior to granting a defendant's summary judgment motion, a *pro se* plaintiff is entitled to notice that such plaintiff's failure to respond in opposition to summary judgment may result in the dismissal of the plaintiff's action, *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001), no similar warning applies to motions to dismiss pursuant to Fed.R.Civ.P. 12.  *See, cf., West v. Goord*, 423 Fed.Appx. 66, 68 (2d Cir. 2011) (holding district court abused its discretion in dismissing

*pro se* plaintiff's complaint for failure to state a claim by, *inter alia*, warning the plaintiff that failure to respond to motion to dismiss pursuant to Rule 12(e) and 12(f) could result in dismissal of the action which only served to confuse the plaintiff, causing the plaintiff to miss the deadline to respond).  Accordingly, Defendants' failure to specifically warn Plaintiff that Defendants' Motion seeks dismissal of Plaintiff's action does not preclude the court from reaching the merits of Defendants' Motion.

"'In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Barber v. City of Buffalo, City of Buffalo Police Dep't*, 2016 WL 7974152, at *3 (W.D.N.Y. May 5, 2016) (quoting *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999), and citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *report and recommendation adopted sub nom. Barber v. City of Buffalo*, 2017 WL 344955 (W.D.N.Y. Jan. 24, 2017).  Because the Complaint references Plaintiff's Administrative Charge[5] filed with the NYSDHR and the EEOC, and the Notice of Right to Sue issued by the EEOC ("Right to Sue letter"),[6] which, in any event, are public records of which the court can take judicial notice, both the Administrative Charge and the Right to Sue letter may be considered by the court within the context of a motion to dismiss.  *Id*. (citing *Dollinger v. State Ins. Fund*, 44 F. Supp.2d 467, 472 (N.D.N.Y. 1999)).

---

[5] Defendants' Reply Exh. A (Dkt. 26-2) at 5-6.
[6] Defendants' Reply Exh. B (Dkt. 26-3 at 2-3.

### A.   Exhaustion of Administrative Remedies and Timeliness of Claims

As a prerequisite to filing an employment discrimination lawsuit, a plaintiff must exhaust administrative remedies by presenting the claims forming the basis of the suit to the EEOC or the equivalent state agency, here, the NYSDHR, and obtaining from the EEOC a Notice of Right to Sue.  *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Claims not included in the administrative charge may only be pursued in a federal court action if they are reasonably related to those that were filed with the agency.  *Devarin*, 335 F.3d at 200. "A claim is considered reasonably related if the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made."  *Id.*  To be timely filed, the employment discrimination claims must be filed in federal court within ninety days of receipt of the EEOC's right to sue letter.  *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir. 1996)).

In the instant case, Plaintiff filed his Administrative Charge on February 18, 2015, alleging he commenced employment with Nuttall Gear[7] on January 16, 2012, as a "Builder C," and in August 2014, Plaintiff was not permitted to apply for a machinist position that was never formally posted, and on October 1, 2014, Plaintiff was denied a promotion to a "Group Lead" position which was filled by an individual, who was less qualified than Plaintiff, but to whom training had been provided in anticipation of the Group Lead position becoming vacant.  Administrative Charge at 1.  The EEOC's Notice

---

[7] As noted, Note 4, Defendants explain that Plaintiff was not employed by Altra, but by Nuttall Gear, LLC.

of Charge of Discrimination issued to Nuttall Gear on March 18, 2015 ("EEOC Notice"),[8] advises Plaintiff filed a claim of employment discrimination pursuant to Title VII based on race.  EEOC Notice at 2.

As regards Plaintiff's claimed violation of the ADA, Complaint at 1, the Administrative Charge is devoid of any reference to an alleged violation of the ADA and Plaintiff also fails to allege he suffered from any disability or even a perceived disability. That the EEOC Notice advises Nuttall Gear that Plaintiff is claiming discrimination based on race in violation of Title VII and makes no mention of disability-based discrimination in violation of the ADA is consistent with Plaintiff's Administrative Charge. Moreover, Plaintiff limits the period during which he maintains the alleged discriminatory conduct occurred to August 1, 2014 to October 1, 2014, Administrative Charge at 1 (Dkt. 26-2 at 5), thereby excluding from the EEOC's consideration any claim related to Plaintiff's work-related injury to his lower back that Plaintiff later describes, Plaintiff's Response at 3-4, he sustained while working on the assembly line on December 11, 2014.  *Devarin*, 335 F.3d at 200 (claims not reasonably related to those included in the administrative charge may not be pursued in federal court).  Accordingly, Defendants' Motion should be GRANTED as to Plaintiff's ADA claim based on Plaintiff's failure to exhaust administrative remedies.

Insofar as Plaintiff did exhaust administrative remedies relative to his Title VII claim asserting race-based employment discrimination, Plaintiff was required to commence an action in this court within 90 days of the Right to Sue letter, dated

---

[8] Defendants' Reply Exh. A at 2-4 (Dkt. 26-2 at 2-4).

October 22, 2015, Right to Sue letter at 1, which was January 20, 2016.  Plaintiff, however, did not commence this action until August 1, 2018, *i.e.*, more than two and a half years after the limitations period expired.  As such, Plaintiff's Title VII claim is time-barred and Defendants' Motion should be GRANTED as to it.

With regard to Plaintiff's race-based employment discrimination claim under the NYSHRL, such claims are subject to a three-year limitations period.  N.Y. C.P.L.R. § 214[2] (providing actions to recover for liability created or imposed by statute are subject to three-year statute of limitations); *Kimball v. Village of Painted Post*, 737 Fed. Appx. 564, 572 (2d Cir. 2018) ("Claims brought under the NYSHRL are subject to a three-year statute of limitations." (citing *Koerner v. State of New York*, 62 N.Y.2d 442, 446, 478 N.Y.S.2d 584, 467 N.E.2d 232 (1984)).  The limitations period is tolled pending resolution of an administrative charge filed with the EEOC.  *See Whitt v. Kaleida Health*, 298 F.Supp.3d 558, 571-72 (W.D.N.Y. 2018) (observing NYSHRL three-year limitations period was tolled during pendency of the EEOC's proceeding against the employee).  In the instant case, the limitations period commenced running as of the last date of alleged discriminatory conduct, here, October 1, 2014.  Even allowing for tolling of the limitations period while the Administrative Charge was pending from the time it was filed on February 18, 2015, until the EEOC issued the Right to Sue letter on October 22, 2015, the three years expired on June 4, 2018, almost two months before Plaintiff commenced the instant action.  As such, Defendants' Motion should be GRANTED with regard to Plaintiff's NYSHRL claim.

### B. Merits of Discrimination Claims

Alternatively, Plaintiff's Complaint is devoid of any allegations establishing an employment discrimination claim based on race or disability. At the outset, the court observes there is no right of recovery against an individual under Title VII or the NYSHRL unless the individual defendant has an ownership interest in the employer or holds "liability engendering authority over" the plaintiff including that the individual defendant (1) has power to hire and fire employees; (2) supervised and controlled the plaintiff's work schedules or conditions of employment; (3) determined the rate and method of payment of wages; or (4) maintained employment records. *See Griffin v. Sirva, Inc.*, 835 F.3d 283, 291-92 (2d Cir. 2016) (Title VII and NYSHRL). In the instant case, the Complaint, as well as the Administrative Charge and Plaintiff's Response, are devoid of any allegations establishing Christenson can be held individually liable under any of the separately denominated factors, for the race-based discrimination alleged by Plaintiff. Nor does the ADA provide for individual liability under the ADA. *Mark H. Fishman v. City of New Rochelle*, 2021 WL 4925518, at * 8 (S.D.N.Y. Oct. 19, 2021). Plaintiff's Motion thus should be GRANTED with regard to the employment discrimination claims alleged against Christenson.

Regardless of the statutory basis, federal employment discrimination claim are analyzed "under the same burden shifting framework as set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *McGill v. University of Rochester*, 600 Fed.Appx. 789, 790 (2d Cir. Jan. 30, 2015) (citing cases). In particular, discrimination claims under Title VII, the NYSHRL, and the ADA are analyzed using the burden-shifting scheme set forth in *McDonnell Douglas Corp.,* 411 U.S. 792. *See*

*Itzhaki v. Port Auth. of N.Y. & N.J.*, 2017 WL 213808, at *2 (S.D.N.Y. Jan. 17, 2017) (Rehabilitation Act); *McDonnell v. Schindler Elevator Corp.*, 2014 WL 3512772, at *4 (S.D.N.Y. July 16, 2014) (ADA and NYSHRL), *aff'd,* 618 Fed. Appx. 697 (2d Cir. 2015). To establish a *prima facie* case of race-based employment discrimination, a plaintiff must prove that (1) he was within the protected class, here, race; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Wienstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). In the instant case, the Complaint is completely devoid of any factual allegations establishing a *prima facie* case of race-based employment discrimination. In particular, here, Plaintiff's sole effort to support discriminatory conduct, described only in Plaintiff's Response at 2-3, fails to even suggest that any asserted adverse employment action occurred because of Plaintiff's membership in a protected class. Accordingly, Plaintiff has failed to state a claim under either Title II or the NYSHRL.

To state an employment discrimination claim under the ADA, the Plaintiff must allege (1) the employer is subject to the ADA; (2) the plaintiff suffers from a disability within the meaning of the ADA; (3) the plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of his disability. *Sista v. CDC Ixis N. Am. Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). In the instant case, the Complaint is devoid of any mention of why Plaintiff maintains he is disabled. Even assuming, *arguendo*, Plaintiff's asserted lower back injury Plaintiff describes in opposing Defendants' Motion qualifies as a disability within the meaning of the ADA, a point Plaintiff does not argue,

Plaintiff fails to allege any facts establishing Plaintiff could perform the essential functions of his Builder C job with or without a reasonable accommodation. As relevant here, a temporary transfer to another position while an employee recovers from an injury is not a reasonable accommodation. *See Frantti v. New York*, 414 F. Supp. 3d 257, 286 (N.D.N.Y. 2019) ("A reasonable accommodation can never involve the elimination of an essential function of a job, or result in a promotion to a position for which the employee is unqualified. Nor is an employer required to create a new position as an accommodation.") (citations omitted). Accordingly, Plaintiff has failed to allege a *prima facie* case of employment discrimination under the ADA.

Defendants' Motion thus should be GRANTED on the merits of Plaintiff's employment discrimination claims.

### C. Retaliation Claim

Nor is there any merit to Plaintiff's retaliation claim. Retaliation claims under Title VII, NYSHRL, and the ADA are analyzed according to the same burden-shirting framework as employment discrimination claims. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir. 2006) (recounting elements of a *prima facie* case of retaliation in the context of, *inter alia*, Title VII, NYSHRL, and the ADA). Specifically, to establish a *prima facie* case of retaliation under the ADA, the NYSHRL, and Title VII, an employee must demonstrate that: (1) he engaged in protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against him; and (4) a causal connection exists between the protected activity and the adverse action, *i.e.*, "a retaliatory motive played a part in the adverse employment action." *Id*. (internal quotation omitted). With regard to Plaintiff's Title VII and NYSHRL retaliation claims

where, as here, the plaintiff fails to timely file the underlying discrimination claim, the retaliation claim is also untimely. *See Duplan v. City of New York*, 888 F.3d 612, 624-25 (2d Cir. 2018) (considering abandoned underlying substantive employment discrimination claims that were not timely filed and, thus, the related retaliation claim is also untimely). Plaintiff's Title VII and NYSHRL retaliation claims are thus time-barred.

As for Plaintiff's retaliation claim under the ADA, Plaintiff cannot claim disability-based retaliation because Plaintiff never complained of disability-based discrimination. *See O'Hara v. Board of Cooperative Educational Services, Southern Westchester*, 2020 WL 124474, at *15 (S.D.N.Y. Mar. 16, 2020) ("The ADA protects employees from retaliation for making complaints about disability discrimination; it does not protect them from retaliation for complaints about other matters, no matter how important.") (citing *Cornetta v. Town of Highlands*, 434 F.Supp.3d 171, 187-88 (S.D.N.Y. Jan. 22, 2020) (dismissing an ADA claim because the plaintiff only pointed to complaints regarding "alleged 'illegal acts,' corruption, and intimidation, and, critically, no incident that could be construed as a complaint – formal or informal – of disability discrimination")).

Defendants' Motion such should be GRANTED as to Plaintiff's retaliation claim based on Plaintiff's failure to state a claim for which relief can be granted.

**2.    Dismissal with Prejudice**

Although dismissal of a *pro se* plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the problems with Plaintiff's claims, as pleaded, are substantive, including as

time-barred, such that further pleading cannot cure them and would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's claim for failure to state a claim with prejudice and without leave to replead where even a liberal reading of the complaint failed to suggest plaintiff had merely inadequately or inartfully pleaded and plaintiff, speaking through counsel on appeal, suggested no new material that could be pleaded to sufficiently reframe claim, such that repleading would be futile). In this case in particular, such futility is demonstrated by the fact that Plaintiff's claims are time-barred. *See Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 137 (2d Cir. 2021) (affirming dismissal with prejudice claims the district court properly determined were time-barred). Accordingly, the dismissal of Plaintiff's claims should be with prejudice and without leave to replead.

## CONCLUSION

Based on the foregoing, Defendants' Motion (Dkt. 12) should be GRANTED and the Complaint DISMISSED with prejudice. The Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 29th, 2021
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and to the attorneys for the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 29th, 2021
         Buffalo, New York