UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

SYTASON LUANGPAKDY,

      Plaintiff,

      v.

ALTRA INDUSTRIAL MOTION
CORP.,
ED NOVOTNY,
CARL R. CHRISTENSON,
TIM RAYMOND,
DIANE MCMULLEN,
DENIS HADDEN,
CLIFF GILBERT, and
TOM GAMPP,

      Defendants.

18-CV-843 (JLS) (LGF)

───────────────────────────────────

## DECISION AND ORDER

*Pro se* Plaintiff Sytason Luangpakdy commenced this action against Defendants alleging violations of Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law §§ 290-207. Dkt. 1. Although Plaintiff named eight separate defendants in his complaint, only Altra Industrial Motion Corp., his alleged former employer,[1] and Carl L. Christenson, an employee of Altra, were served. Defendants moved to dismiss, Dkt. 12, and the case

───────────────

[1] Defendants note that although Plaintiff names Altra as his employer, Plaintiff was never employed by Altra, but by Nuttall Gear LLC. Dkt. 26, n. 2.

was referred to United States Magistrate Judge Leslie G. Foschio by United States District Judge Lawrence J. Vilardo. Dkt. 17. Pursuant to the referral order, Judge Foschio was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was then transferred to the undersigned on January 5, 2020. Dkt. 19.

Defendants' motion argues that: (1) Plaintiff failed to allege any facts establishing violations of Title VII, the ADA, or the NYHRL; (2) Christenson, as an individual, cannot be found liable under Title VII or the ADA; and (3) it is unclear whether Plaintiff exhausted all of his administrative remedies. Plaintiff filed a response that only provided a factual narrative of the events surrounding his lawsuit. Dkt. 25. Defendants filed a reply arguing that Plaintiff's response is improper because it contains facts not alleged in the complaint and, even if it were proper, it still fails to state a claim. Dkt. 26. Defendants further argued that Plaintiff's Title VII and NYHRL claims are time-barred, and that his ADA claim is unexhausted.

On October 29, 2021, Judge Foschio issued a report and recommendation ("R&R") recommending that Defendants' motion be granted. Dkt. 31. The R&R determined Plaintiff failed to exhaust his administrative remedies under the ADA, and that his claims under Title VII and the NYHRL are time-barred. In the alternative, the R&R further recommends granting Defendants' motion based on the merits of Plaintiff's claims. Neither party filed objections.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Based on the Court's review of the filings, the R&R, and the absence of objections, the Court accepts the R&R.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED with prejudice. The Clerk of Court shall close the case.

**SO ORDERED.**

Date: December 6, 2021
      Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE